UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
(SOUTHERN DIVISION)

UNITED STATES OF AMERICA,

     Plaintiff,           Case No. 11-20129

'                     Honorable Judge Cleland

D35 Wayne R. Werth,

Ex Parte    Defendant.

Wayne R. Werth # 233196

Clare County Jail

255 W. Main St.

Harrison, MI 48625, in pro se

F I L E D

NOV 20 2013

CLERK'S OFFICE
DETROIT

Motion for Leave to Proceed in Pro Se
to Conduct and to Request Pre-trial
Discovery Issues

    **NOW COMES THE DEFENDANT**, Wayne R. Werth, in pro se, and respectfully moves this Honorable Court for leave to proceed in pro se for the purpose of/and to move for an ex parte oral Brady discovery hearing, pursuant to the Federal Rules of Criminal Procedure, Rule 12(b)(3)(E) and Rule 16(a)(1)(A),(E),(F), and other specific requests pursuant to Rule 6 and Rule 26.2. In support of said Motion, Defendant states the following:

Statement of Layman

    Pro se litigants are to be construed liberally and held to much less stringent standards than formal pleadings drafted by lawyers, regardless of pleading requirements, stating proper legal authority, confusion of legal theories, and more. **Pennington v. Jones**, 2006 U.S. DIST. LEXIS 8389 (E.D.M.); **Fazzomo v. North East Ohio Correctional Center**, 473 F.3d 229 (6th Cir. 2006); **Haines v. Kerner**, 404 U.S. 519 (1972)

1

## A. Leave to Proceed Pro Se

Werth respectfully request to proceed pro se in order to request and conduct a pro se discovery hearing. The reason for this request demands a hearing within itself. See Exhibit A (Affidavit of Werth).

Werth contends that he is more than capable to handle his requests; in fact, he is in a better position due to extensive research on his issues — both discovery and law pertaining to this discovery. It is well within the Court's discretion to grant this request. See U.S. v. Jones, 489 F.3d 243 (6th Cir. 2007) (Defendant was permitted to submit multiple motions to district court on his own behalf while his appointed counsel made other motions on his behalf) In Jones, however, the record did not reveal any disagreement on strategy, nor that counsel had undermined the arguments of Jones; contrastly, the case sub judice screams aloud of apathy or unexpressed disagreement by Mr. Day.

Is it wrong for a client to expect his attorney to respond to letters and strategies? "The constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." Avery v. Alabama, 308 U.S. 444, 446 (1940). Moreover, a requisite of counsel's effectiveness is to safeguard Werth's position by acting independently and opposing adversary litigation. See Ferri v. Ackerman, 444 U.S. 193, 204 (1979). The lack of Mr. Day's counsel has created a desperate lack of hope in Werth, "thereby forcing petitioner to proceed [...] pro se [...]." Fishetti v. Johnson, 384 F.3d 140, 154-155 (3rd Cir. 2004).

## B. Request for Oral Discovery Hearing

Werth has many discovery requests for material that has been readily available, requests that widly fall under Brady, and requests that will prove that there is false evidence against Werth. The court has a duty to act on and correct false evidence. See Napue v. Ill, 360 U.S. 264, 269 (1959); Mooney v. Holohan, 294 U.S. 103, 112 (1935) (per curiam); Mastracchio v. Vose, 274 F.3d 590, 602 (1st Cir. 2001); See also, U.S. v. Freeman, 650 F.3d 673 (7th Cir. 2011).

Werth's requests fall under Rule 6, Rule 12, Rule 15, Rule 17, and Rule 26.2, and will pave the way for other potential pretrial motions under Rule 12(b)(2) and (3)(C).

Werth avers that these requests are vital to his position, and wishes to hold a hearing rather than to introduce them by written motion.

**WHEREFORE,** the defendant respectfully request this Honorable Court to grant the following:

A) Grant leave to proceed in pro se for requested reasons;

b) grant oral discovery hearing;

c) permit Defendant to bring ipad to hearing or permit staff to retrieve a file which took Defendant many hours to create;

d) grant any other further relief this Court may deem just and proper.

## VERIFICATION

I, Wayne R. Werth, do hereby declare that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 11-18-13

Respectfully Submitted,

Way R. Werth

3

Exhibit A

## Affidavit in Support of Pro Se Request

I, Wayne R. Welch, do hereby state and depose the following in respect to my pro se request to conduct Pre-trial discovery issues:

1) A few days prior to a hearing on pro se issues — after being appointed counsel — Mr. Day came to Wayne County Jail to introduce himself;

2) At that time, Mr. Day acknowledged a motion I filed pertaining to, inter alia, certain discovery issues and said he would work on them for me;

3) While at FDC Englewood, I called and spoke to Mr. Day's secretary asking her to advise Mr. Day that a very important witness requested that my attorney contact his to offer imperative contradictory testimony in my defense; giving her the attorney's name provided by the witness;

4) Mr. Day's secretary advised Welch to also send Mr. Day an email request, which I did from my TRULINCS account;

5) After a few days, I had Jessica Harms call Mr. Day's office about Mr. Day not accepting the request, which his secretary in return told Jessica to tell me to send the secretary a request, giving Jessica her email address for me, for which I sent a request that day;

6) After approximately 4 days, I called and spoke to the secretary again, asking her if she received my request, which she said she did, but still has not accepted it yet, stating that she would after hanging up;

7) After a couple of days, the secretary still did not accept the request, so I canceled the request as futile;

8) Since these same discovery requests were made — have been made — and ignored by Joan Morgan, I filed a motion apprising the court of the lack of collaboration on May 29, 2013;

9) On June 18 2013, I called Mr. Day's office — after many calls to his cell phone and to his office — and finally spoke with him;

10) At that time I asked him if he followed up with contacting the witness' attorney, in which he stated he had not;

11) When asked why, he stated that he did not believe it would be relevant;

12) Being that this witness is a government witness on 2 charges against me, I immediately wrote a letter to the judge expressing my concern;

13) On 8-14-13, I wrote Mr. Day a letter expressing the same discovery concerns along with a documented copy of an affidavit stating all the discovery I had seen when Joan Morgan showed me — the same discovery on ipad with the exception of two documents — long before the ipad;

14) In that letter, I asked him to file another motion for bond with my collaboration, for which Mr. Day never even replied to said letter;

15) On 10-1-13, I sent another letter to the court expressing my concerns, for which the clerk sent to both parties;

16) Approximately two days later, Mr. Day came to Clare County Jail to provide the access code and to discuss the ipad;

17) At that time, I mentioned the latest letter, which he acknowledged, and I stated that he needs to respond to my letters, for which he stated that he wanted to wait for the ipad;

18) At that time, I punched my name into the search engine of the ipad and pulled up almost all of the same discovery as I had already seen before;

19) I became disgruntled over some of the same false discovery and expressed that he needs to file my requests or I will have to file pro se;

20) Mr. Day became disgruntled at this point, got up, said to go "pro se" then, and left;

21) On 10-9-13, after going through all the discovery, I wrote Mr. Day expressing the same issues about discovery, expressing that I am writing him first so he can help;

22) As of 11-17-13, he still has not responded.

I declare under penalty of perjury pursuant to Title 28 USC §1746, that the foregoing is true and correct. Executed on 11-17-13        Wyp R Wash

Clerk of the Court
Federal Court Building
231 W. Lafayette
Detroit, MI 48226

✳ LEGAL MAIL ✳

Wayne R. Leath # 553,196
Clare County Jail
255 W. Main St.
Harrison, MI 48625