UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                                      Case No. 11-CR-20129-35

WAYNE R. WERTH,

       Defendant.
_____/

**ORDER DENYING MOTION TO PROCEED (PARTIALLY) PRO SE AND DENYING LETTER REQUEST FOR DOCUMENTS**

Before the court is a "Motion for Leave to Proceed in Pro Se to Conduct and to Request Pre-trial Discovery Issues," filed pro se by Defendant Wayne R. Werth. In his motion, Defendant requests to proceed pro se for the sole purpose of conducting discovery, and discovery-related proceedings. He cites case law for the proposition that he should be allowed to conduct discovery, while his counsel should be allowed to make other motions on his behalf. In other words, he seeks to operate as a functional co-counsel in tandem with his current attorney. He further submits a letter in which he asks for certain documents and information from the clerk's office.

Defendant has previously been advised that he is not entitled to represent himself while simultaneously represented by counsel. This means that, while a criminal defendant has the right to appear *pro se* or by counsel, the right is disjunctive. Thus, a party may chose *either* to represent himself or to appear through an attorney. See *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (" *Faretta [ v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ] does not require a trial judge to permit 'hybrid'

representation."); *see also United States v. Modena*, 430 F. App'x 444, 446 (6th Cir. 2011) (finding that the defendant was not entitled to "split[] trial responsibilities" with his counsel). After an earlier request to represent himself, Defendant reconsidered and clearly and unequivocally chose to be represented by counsel. He may not now seek an end-run around that decision by attempting to operate as co-counsel with his attorney. His motion will therefore be denied. Not only is he not entitled to conduct discovery proceedings while represented by counsel, but even the form of his motion–submitted pro se while he is represented by counsel–is improper. Accordingly,

IT IS ORDERED that Defendant Werth's "Motion for Leave to Proceed in Pro Se to Conduct and to Request Pre-trial Discovery Issues" [Dkt. # 684] and the accompanying request for documents found in his recent pro se letter [Dkt. # 685] are DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2013, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522