UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
(Southern Division)

FILED
JAN - 8 2014
CLERK'S OFFICE
DETROIT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-35   Wayne R. Werth,

Ex Parte   Defendant.

Case No: 11-20129

Honorable Judge Cleland

Motion for Reconsideration; for the
Authorization of Funds; and Notice
of Intent to Appeal to Sixth Circuit

NOW COMES THE DEFENDANT, Wayne R. Werth, in pro se, and respectfully moves this Honorable Court to reconsider Defendant's Motion for Leave to Proceed in Pro Se to Conduct and to Request Pretrial Discovery Issues; to Authorize the Expenditure of Funds for Private Investigator, pursuant to Title 18 USC § 3006A(e); and Notice of Intent to Interlocutory Appeal. In support of said motion, Defendant states the following:

## I. Motion for Reconsideration

Because of Mr. Day's (Werth's counsel on record) apathy in both carrying out Werth's plausible defense requests and lack of etiquttes and professionalism to respond to Werth's letters at all— Mr. Day has not even bothered to send one letter—Werth is compelled not only to safeguard his requests but also to desperately seek a justified defense in pro se, hence Werth's previous motion, filed Nov. 20, 2013, for imperative discovery concerns, some of which, inter alia; are readily available Brady requests that Werth has been incessantly requesting since as early as Aug. 16, 2012, viz: A statement provided to Werth the day before his supervised release violation hearing, Case No 00-80581, on May 15, 2009, a statement the government seeked to protect the identity, referring to him, inter alia, as a "cooperating witness" during said hearing.

1

1. These statements were the result of Agent Fleming's pursuit after the Lighthouse incident, in which said agent interviewed Ron Roberts at his girlfriend's (girlfriend at the time) residence, and one resulted from Werth Fredy walking into said agent's office after he stopped by Werth's mother's residence. Werth's statement had been provided to Joann Morgan, but was not included on ipad.

This statement was not only used but also testified to by Agent Fleming, ultimately sending Werth back to prison on violation. It is also directly related to two counts on the indictment sub judice against Werth and others and imperatively related to other issues as a whole. The confidentiality of this witness is no longer protected, nor was the identity not known by many others that day, as the record will reflect.

In conjunction with that discovery are approximately 7 statements by defense witnesses, stipulated to by the government on said day of hearing, which are directly related to said counts of this indictment. These statements are readily available in both the government's file and Corbet O'Meara's (Werth's defense attorney at said hearing). Werth cannot get Mr. O'meara to even reply and avers that this is a matter of government subpoena under penalty of Federal Law. There are also exculpatory statements, interviews conducted by Fleming that should have been used and provided.[2]

These are just some of the Brady discovery that has been tediously sought, and although Werth has shown due diligence in requesting Brady material, he no longer has to adduce it to win a Brady violation. See U.S. v. Tavera, 6th Cir. No. 11-6175 6/20/13.

It has been over a month since the filing of the original motion, and Werth's counsel has still not responded to any of Werth's requests. Established case law ~~precluded~~ precludes Werth from raising ineffective assistance of counsel claims on direct appeal unless the record will adduce it. Leaping the tall barriers on post conviction is something Werth diligently wishes to protect himself from now while matters are fresh and lucid.

## II. Motion for Private Investigator

Pursuant to 18 USC § 3006A(e), Werth may request the district court to authorize the expenditure of funds for investigative services. See, e.g., U.S. v Clark, 385 F.3d 609, 617 (6th Cir. 2004); U.S. v Osoba, 213 F.3d 913, 915-16 (6th Cir. 2000).

The Court "shall authorize" such services "[U]pon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary for adequate representation." 18 USC § 3006A(e)(1). Along with the forementioned discovery, there are other materials that can be easily obtained by an investigator, such as imperative testimony from a witness who has requested to be interviewed by Werth's counsel, an interview Mr. Day has openly refused to conduct because he feels it not pertinent, yet the witness is directly linked to counts against Werth. There are materials at Werth's family's residence that need to be located and brought to Werth. There are simple documents Werth has requested from the Clerk of Court that do not even generate a response, the latest made on 11-26-13. Services requested under 18 USC § 3006A(e) in the context of a criminal prosecution are "necessary" if a defendant can demonstrate (1) such services are necessary to mount a plausible defense, and (2) without them, the defendant's case would be prejudiced. U.S. v. Gilmore, 282 F.3d 398, 406 (6th Cir. 2002)

## III. Notice of Interlocutory Appeal

Werth has no law on this matter, nor does the law library here offer any; therefore, any intent here must be construed liberally. Pennington v. Jones, 2006 U.S. DIST. LEXIS 8389 (E.D.M.) Pursuant to Title 28 USC § 2107 (c)(1), a party can file an appeal after 21 days if no response is made by government. Since Werth receives no respones, Werth request Court to hold said request in abeyance for 21 days.

WHEREFORE, Defendant request this Honorable Court to grant the following:

    a) reconsider motion and grant a hearing;
    b) authorize funds for investigative services; and
    c) grant any other further relief this Court deems just and proper.

## VERIFICATION

I, Wayne R. Werth, do hereby declare that the foregoing is true and correct to the best of my knowledge and belief.

Dated: ~~[illegible]~~ 1-4-14

Respectfully submitted,

Wey R. Wth