UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  Case No. 11-CR-20129-35

WAYNE R. WERTH,

    Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On December 6, 2013, the court denied a "Motion for Leave to Proceed in Pro Se to Conduct and to Request Pre-trial Discovery Issues," filed pro se by Defendant Wayne R. Werth. Defendant had requested to proceed pro se for the sole purpose of conducting discovery, and discovery-related proceedings, but he also wanted his counsel to make other motions on his behalf. The court denied the motion, as there is no right to such "hybrid" representation. Defendant has been repeatedly advised that he is not entitled to represent himself while simultaneously represented by counsel. He must choose, clearly and unequivocally, to *either* to represent himself or to appear through an attorney. See *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (" *Faretta [v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)] does not require a trial judge to permit 'hybrid' representation."); *see also United States v. Modena*, 430 F. App'x 444, 446 (6th Cir. 2011) (finding that the defendant was not entitled to "split[] trial responsibilities" with his counsel). In a January 8, 2014, motion for reconsideration, again filed pro se, Defendant Werth asks the court to reconsider his previous requests,

but seeks neither to fully represent himself (perhaps taking into account the court's earlier strong caution about the many dangers of doing so), nor to challenge the court's interpretation of his previous motion.  A fair reading of both the prior motion and the current motion confirms that Werth again seeks to operate as a sort of hybrid co-counsel which, as just explained, will not be allowed.

The court does not seek to interfere in the attorney-client relationship, but will direct Defendant's attorney to carefully review the recent pro se filings and to file whatever motion or motions, if any, that in counsel's professional judgment may be appropriate.

Accordingly, IT IS ORDERED that Defendant Werth's motion for reconsideration [Dkt. #696] is DENIED.  Defendant's attorney is DIRECTED to review the motion for reconsideration, and the previous motion and letter [Dkt. ## 684 & 685], and consider the filings along with any recent conversations with his client.  If counsel believes Defendant has shown any desire to abandon his right to an attorney, counsel shall file the appropriate motion.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  January 29, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2014, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522