UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
JUN 0 5 2014
CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

Wayne R. Wefth,

    Defendant/Petitioner,

v.

Case No: 11-20129

Honorable Judge Cleland

UNITED STATES OF AMERICA,

    Plaintiff/Respondent. /

## MOTION TO UNSEAL PORTION OF TRANSCRIPTS

NOW COMES THE DEFENDANT, Wayne R. Wefth, in pro se, and respectfully moves this Honorable Court to unseal the sealed portion of hearing. In support of, Defendant states the following:

1. On or about April 15, 2014, spawning from Wefth's Counsel on record, Jeffrey Day, of the Law office of Seward, Tally, and Piggott, Motion to Withdraw as Counsel; this Court conducted a hearing;

    See Exhibit A

2. At the beginning of the hearing, Mr. Day moved to have the prosecution leave the Court room as if he had information that was sensitive, for which this Court ordered sealed on the transcripts;

2.A A review of the transcripts will show that <u>nothing</u> Mr. Day spoke about was sensitive to the prosecution, nor nothing that they already didn't know because they were parties to the same things of which he spoke of and asked them to leave for; in fact the only thing the prosecution was not already aware of in regard to his testimony, was the way Mr. Day claims events took place concerning on or about July 15, 2013, on the day of my last prior hearing before this Court. Mr. Day did not want to make the prosecution party to his knowingly untruthful account of events. However, if the prosecution already is aware of the very information Mr. Day asked them to leave for, why would the Court have to seal the transcripts?

3. During this portion of the hearing Wefth asserted that Mr. Day had only been to this facility twice

inter alia. At this point the Court or Mr. Day took it to mean 2 times entirely; however, the Court addressed Mr. Day;

4. Mr. Day said he had seen me at Wayne County Jail and twice before hearings and 3 times at Clare County, where he specifically said the "first time [h] brought [Weith] the ipad";

A. As addressed in Exhibit A, supra, notes 2-5, the ipad came by mail, and Mr. Day came the following day for his first visit, which will also be supported by certain staff members. See also, Exhibit B; Weith asserted on record that that was untrue and how to prove it, but the court did not care;

5. Weith also stated that Mr. Day — on his first visit — left disgruntled after a short time, telling Weith to "File pro se then," for which Mr. Day responded to the court that Weith was pacing back and forth in this little room in an intimidating manner, so he left;

A. Exhibit A, supra, notes 6-14 for the true accounts and again testimony will also prove Mr. Day knowingly lied to this Court; Moreover, as was pointed out by staff as firsthand ridiculous conclusion, was Weith walking back and forth trying to punch in words, etc, into the ipad and viewing discovery?;

6. This Court also specifically asked Mr. Day if he had had time with the ipad and if he did, in fact, view all the discovery against me on it, for which Mr. Day absolutely concurred that he, in fact, did;

A. Mr. Day has never had possession of the ipad, nor is he any different than other attorneys who will state the same if subpoenaed. The ipad came by mail. This very knowingly untruthful statement can be proven with outside testimony also;

7. At one point this Court asked Werth to read the beginning of letters Werth had sent to Mr. Day and had complained of Mr. Day's lack of etiquette in responding, when Werth also asked Mr. Day if he remembered the letter and affidavit my father sent him, Exhibit A, supra, note 1a, in which he stated on record that he did not get nothing;

   A. Werth's father made 3 copies, the original went to Mr. Day, a copy to Werth, a copy to Werth's Father, and a copy is sealed with the date to preserve discovery issues before the delivery of the ipad and to protect against the anticipated malfeasance — which has come to fruit by him denying possession of it — by Mr. Day. Werth's father is also a direct witness to Mr. Day's flagrant lies;

8. There are other imperative issues where Mr. Day's admissions to Werth strongly conflict with others; however, this Court knows the questions it asked, it knows the specific answers given in return by Mr. Day. Do these blatant untruths not mock the Court, negate justice, and set a bad precedent that it is okay to deny justice to a defendant by knowing falsehoods in order to save an attorney or agent from being proved unjust or ineffective? The sad part is that these knowingly spur-of-the-moment lies were used because Mr. Day had to cover up his own nonyomiss, and malfeasances of the very laws and canons he has swore to uphold. Werth is in the process of contacting outside agencies;

9. Werth sent a letter to Mr. Day on May 18, 2014, advising him that he wanted Mr. Day to file a motion for the unsealing of the transcripts, asserting that if he would not respond within a week to this matter, Werth was filing both to the Court and to outside parties in pursuit of unsealing transcripts that should have not have been sealed in the first place nor not privy to the prosecution. Werth, unfortunately, will be asking — as well as others — important questions that he knows the truthful answer to, and when he decides to, again, be untruthful, this matter proved by both

3

Weith's testimony and outside parties will be show his propensity to be untruthful and his partial attitude for the prosecution.

WHEREFORE, Defendant respectfully requests this Honorable Court grant the following:

A) Permit the Defendant/Petitioner to obtain the transcripts unsealed so he may pursue his complaints; or

b) Conduct a hearing with the portion of transcripts unsealed and permit Defendant to subpoena witnesses;

c) grant any other further relief this Court may deem just and proper.

UNSWORN VERIFICATION

I, Wayne R. Weith, do hereby state that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

Wy R. Wth

Dated: June 2, 2014

4

Exhibit A

FILED
JUN 0 5 2014
CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

AFFIDAVIT OF WAYNE R. WERTH

1. I, Wayne R. Werth, do hereby depose and state the following in regard to the hearing on or about April 15, 2014, spawning from Mr. Day's knowingly untruthful statements before the Court of Honorable Judge Cleland:

2. On 9-30-13, I sent a letter to the judge, received on 10-1-13, pertaining to Mr. Day's apathy in my discovery requests and that I had not yet received the long-awaited ipad;

2. In the afternoon of 10-2-13, SGT Smith called me out of Cell 3 and lead me up front to the holding cells area to unpack my ipad that had arrived earlier via U.S. mail from the COA;

3. On 10-3-13, I received a response, dated 10-2-13, to my said 9-30-13 letter from the Judge's clerk;

4. Shortly after, SGT Smith came to Cell 3 and advised me that I had an attorney visit, at which time I asked her if I could refuse it (note: this was Mr. Day's first visit at his facility);

5. She radioed the bubble, then advised me that if I wanted the code to the ipad, I had to go see him, for which I did;

6. Upon arriving at the visit room, Mr. Day was seated at the desk, his back and right side to the book shelves, his back and left side to a book shelf, security camera, and cage; and facing the wall with the door to his far right, where I sat directly in front of him, where both of us remained seated the entire 15 or so minutes;

7. After turning on the ipad, he gave me the code, explained that I could change it, and even advised that I turn off certain functions to save battery;

8. I immediately tried finding and using the search engine, so I could punch in my name to simplify things, where Mr. Day could not figure it out either;

9. At that point, Mr. Day retrieved his cell phone and called Emma Greenwood (or someone of such name) and asked her, for which she explained and I immediately retrieved documents directly related to me, as well as used to indict another, that were part of the same fabricated discovery I had complained about in letters, my Omnibus Motion, my Motion for Agent Fleming's Personal File, among others with also affidavits;

1

10. At this point, I asked Mr. Day if he received my letter and affidavit (he was sent the original copy) pertaining discovery that was on the disk provided to Joan Morgan and other attorneys long before the ipad, sent by my father, dated 8-4-13; one of a few pursuant to the prosecution saying certain discovery I complained about in letters and motions not even existing, of which Mr. Day said that he did;

11. I pointed out that some of the fabricated discovery existed (Agent Fleming's personal interpretation of my prison phone calls) and other discovery I described in detail from the disk, but much of which I complained about did not anymore exist;

12. I told Mr. Day that he needs to start answering my letters and requesting my discovery hearings and requests, or I will have to go pro se;

13. He jumped up — very disgruntled — said "go pro se then" and left, which all happened within a half hour;

14. I remained seated the whole time and long after immersed in the ipad before returning back to cell 3;

15. On or about 1-14-14, I received a letter from the 6th Circuit Court of Appeals in response to discovery issues and the lack of Mr. Day requesting them;

16. On 1-20-14, I was called out of EMax2 for an attorney visit (Mr. Day's second visit to this facility), when Mr. Day immediately asked me if I had filed an appeal;

17. After showing him documents on the ipad that he had <u>never seen</u>, again asking him to request for my prison phone calls, again showing him certain published cases that I had previously referenced in a motion, which lead to the contents of my motion to Dismiss Counts of Indictment, which he said he had at his office and would return later with it after I said I would just re-draft it for the Court again, for which he never provided the motion nor returned.

I, Wayne R. Welsh, declare under the penalty of perjury, pursuant to 28 USC § 1746, that the foregoing is true and correct. Executed on June 2, 2014

Wayne R. Welsh
Clare County Jail

2

Exhibit 13            Exhibit 13

**Inmate Wayne Werth iPad Use Log**

| Date out: | Time out: | Date in: | Time in: | Cpl. Signature/Inmate Signature |
|---|---|---|---|---|
| 10/3/2013 | 1414 | 10-3-13 | 1547 | Sgt M Smith / Wy R Wth |
| 10-9-13 | 1500 | 10-9-13 | 1757 | / Wy R Wth |
| 10-14-13 | 2000 | 10-14-13 | 2215 | Birong / Cpl Bd |
| 10-15-13 | 1715 | 10-15-13 | 2030 | / Wy R Wth |
| 10-23-13 | 2155 | | | |
| 10/28/13 | 1841 | 10/28/13 | 2033 | Cpl. Bd / Cpl Bd |
| 10-29-13 | 2110 | 10-29-13 | 2155 | Cpl Bd |
| 10-31-13 | 1644 | 10-31-13 | 1800 | Sgt Smith / Wy R Wth |
| 11-04-13 | 1926 | 11-4-13 | 2252 | |
| 11/5/13 | 1900 | 11-5-13 | 2315 | |
| 11/6/13 | 2136 | 11-6-13 | 2349 | |
| 11-7-13 | 2237 | | | |
| 11-11-13 | 2054 | 11-11-13 | 2300 | |
| 11-12-13 | 2028 | 11-12-13 | 2210 | |
| 11-15-13 | 1734 | | | |
| 11-17-13 | 1944 | 11-17-13 | 2032 | |
| 11-18-13 | 2100 | 11-18-13 | 2317 | |
| 11-22-13 | 1610 | 11-22-13 | 1150 | |
| 11-25-13 | 1949 | 11-25-13 | 2132 | |
| 11-26-13 | 2037 | 11-26-13 | 2258 | |
| 12-2-13 | 2037 | 12-2-13 | 2200 | |
| 12-30-13 | 1946 | 12-30-13 | 2045 | |
| 1-15-14 | 1730 | 1-15-14 | 1830 | |
| 1-20-14 | 2020 | 1-20-14 | 2210 | |
| 1-21-14 | 1922 | 1-20-14 | 2210 | |
| 1-27-14 | 2050 | 1-27-14 | 2131 | |
| 4/2/14 | 2144 | 04/02/14 | 2230 | R Crrdn |
| 4/3/14 | 2230 | 4/3/14 | 2315 | L. Tessy |
| 4-8-14 | 1639 | 4-8-14 | 1715 | Smith |

Initial set-up and use with Attorney Jeff Day on 10/03/13



Clerk of Court
Theodore Levin Court Building
231 W. Lafayette
Detroit, MI 48226

FILED
JUN 05 2014
CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT