UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 11-CR-20129-35

WAYNE R. WERTH,

    Defendant.
_____/

**ORDER DENYING ALL PRO SE MOTIONS AND INSTRUCTING COUNSEL TO REVIEW AND DETERMINE WHETHER TO FILE A MOTION**

    Before the court are multiple filings submitted pro se by Defendant Wayne R. Werth. The filings seek various forms of relief, take issue with the manner in which his attorney has handled different matters, and attempt to supplement previous filings before the court. Nowhere in these submissions, however, does Defendant make a clear and unequivocal statement that he wishes to proceed pro se. Instead, Defendant appears to be, once again, attempting to operate as a functional co-counsel in tandem with his current attorney. Defendant has previously been advised, time and time again, that he is not entitled to represent himself while simultaneously represented by counsel. This means that, while a criminal defendant has the right to appear *pro se* or by counsel, the right is disjunctive. Thus, a party may chose *either* to represent himself or to appear through an attorney. See *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (" *Faretta [ v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ] does not require a trial judge to permit 'hybrid' representation."); *see also United States v. Modena*, 430 F. App'x 444, 446 (6th Cir. 2011) (finding that the defendant was not

entitled to "split[] trial responsibilities" with his counsel). After an earlier request to represent himself, Defendant reconsidered and clearly and unequivocally chose to be represented by counsel. At the last hearing before the court, the court reaffirmed to Defendant that he must therefore speak *through* counsel. From a cursory review of the *pro se* submissions, it appears that Defendant is not attempting to represent himself, but rather he continues to want to behave as a pseudo co-counsel while represented by counsel. This is not allowed. The court will accept filings only from his attorney. Accordingly,

IT IS ORDERED that Defendant Werth pro se motions (Dkt. ## 819, 826, 843, 849, 873, 881) are DENIED. Defendant's attorney is DIRECTED to review the filings and consider them along with any recent conversations with his client to determine whether any motion needs to be filed.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: August 20, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 20, 2014, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522