UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 11-CR-20129-35

WAYNE R. WERTH,

        Defendant.
_____/

### ORDER DISREGARDING AND DENYING ALL PRO SE MOTIONS AND FILINGS, INSTRUCTING COUNSEL TO REVIEW AND DETERMINE WHETHER TO FILE A MOTION, AND SETTING A STATUS CONFERENCE

Before the court are multiple filings submitted pro se by Defendant Wayne R. Werth. Consistent with previous filings by Defendant, and to the extent they are comprehensible, the motions and documents purport to seek relief from this court in various forms. Defendant has previously been advised, multiple times, that he is not entitled to represent himself while simultaneously represented by counsel. This means that, while a criminal defendant has the right to appear *pro se* or by counsel, the right is disjunctive. Thus, a party may chose *either* to represent himself or to appear through an attorney. See *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (" *Faretta [ v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ] does not require a trial judge to permit 'hybrid' representation."); *see also United States v. Modena*, 430 F. App'x 444, 446 (6th Cir. 2011) (finding that the defendant was not entitled to "split[] trial responsibilities" with his counsel). After an earlier request to represent himself, Defendant reconsidered and clearly and unequivocally chose to be represented by

counsel.  At the last hearing before the court, the court reaffirmed to Defendant that he must therefore speak *through* counsel.  In an August 20, 2014 order, the court clearly informed Defendant that it would accept filings only from his attorney.  (Dkt. # 913, Pg ID 4105.)  Inasmuch as Defendant has been expressly informed that the court would not accept pro se filings, and his counsel has been expressly informed that it is his obligation to bring any necessary motion, the court has disregarded anything submitted by Defendant personally.  Nonetheless, Defendant persists in filing motions himself.  The court will hold a status conference with Defendant in attendance to discuss the status of the various filings and of Defendant's representation. Accordingly,

IT IS ORDERED that all pending pro se documents are expressly DISREGARDED and, if necessary, DENIED (*See, e.g.*, Dkt. ## 896, 897, 936, 949, 954, 955, 974, 1303, 1308, 1353).  Defendant's attorney is DIRECTED to (1) review these and any other recent correspondence with his client, (2) meet with his client, and (3) file any appropriate motion, or at a minimum a memorandum explaining the status of the case from Defendant's perspective, by **June 22, 2015**.

The court will conduct a status conference, on the record, on **June 23, 2015 at 3:00 p.m.**

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  June 3, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 3, 2015, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522