UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 11-20129

WAYNE R. WERTH,

    Defendant.
_____/

**ORDER DISREGARDING ALL PRO SE MOTIONS AND COMMUNICATIONS AND DIRECTING COUNSEL TO RECEIVE AND REVIEW SAME**

Before the court are papers submitted *pro se* by represented Defendant Wayne R. Werth. (Dkts. ##1910, 1969, 1970, 2046.) These filings may seek various forms of relief from this court. This court, however, has earlier advised Defendant "multiple times, that he is not entitled to represent himself while simultaneously represented by counsel." (Dkt. #1376, Pg. ID 16301.)

Even setting aside the fact that this court has already held that "a party may chose *either* to represent himself or to appear through an attorney," (*Id.*) this court lacks jurisdiction to entertain these filings. On July 5, 2016, Defendant filed a Notice of Appeal, (Dkt. #1898)–a filing which predates any of the *pro se* materials addressed here–and the Sixth Circuit Court of Appeals has since issued orders consistent with its normal exercise of appellate jurisdiction, (Dkts. ##1928, 1941). "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (citing *Lewis v. Alexander*,

987 F.2d 392, 394 (6th Cir. 1993)). Although some exceptions to this rule exist, such as "when the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order[,]" *id.* at 328, none appear applicable here.

As explained in this court's earlier order regarding *pro se* submissions of this kind, counsel for Defendant has an "obligation to bring any necessary motion[.]" (Dkt. #1376, Pg. ID 16302.)

The court will thus disregard the *pro se* papers and direct them to the attention of Defendant's current counsel of record, Jeffrey M. Day, for review and disposition. Accordingly,

IT IS ORDERED that all pending *pro se* documents are expressly DISREGARDED and, to the extent necessary, DENIED (*See, e.g.*, Dkts. ##1910, 1969, 1970, 2046).

Defendant's attorney is DIRECTED to (1) review these and all other recent correspondence with his client, and (2) take whatever action that may be indicated.

       s/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated: March 30, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2017, by electronic and/or ordinary mail.

       s/Lisa Wagner  
       Case Manager and Deputy Clerk  
       (810) 292-6522