UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 11-20129

WAYNE RUSSELL WERTH,

    Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTIONS SEEKING A COPY OF THE RESPONSE (ECF NOS. 2241, 2259, 2280, 2313) AND DIRECTING THE CLERK OF COURT TO MAIL A COPY OF THE GOVERNMENT'S RESPONSE TO DEFENDANT**

Before the court are multiple motions filed pro se by Defendant Wayne Russell, in support of, or supplementation to, his motion filed under 28 U.S.C. § 2255. Defendant was convicted of conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances and sentenced to 180 months of imprisonment. Defendant appealed and was represented on appeal by counsel. During his appeal, Defendant filed numerous motions and papers with this court, all of which were denied, stricken, or disregarded and Defendant was repeatedly told that while represented by counsel he must proceed through counsel. In June 2017, Defendant's appeal was dismissed pursuant to his valid waiver of appeal contained within his plea agreement. The Sixth Circuit Court of Appeals then granted defense counsel's motion to withdraw.

Thereafter, Werth, proceeding *pro se*, fairly flooded this court and the Clerk's Office with various motions, letters, and requests. The court resolved the first wave of motions, many of which flailed about, positing unsupported allegations that multiple

federal and state law enforcement officers, court staff, judicial officers, attorneys, and other unknown individuals have, individually or in concert, lost, destroyed, or failed to provide Defendant with various legal materials.  (ECF No. 2193.) The court noted that filed pleadings and letters on the docket are and have been available to Defendant, that he had not made any showing of an actual need for his expansive requests, and that he had made no credible showing that the documents were altered or withheld from him. (*Id.*, PageId.31419.) Likewise, the court rejected Defendant's specious arguments that transcripts from this court had been altered, and denied his request to investigate the authenticity of court records. (*Id.*, PageId.31420.)  In the first round of motions, Defendant made broad and incredible "allegations about the doctoring and creation of letters, affidavits and other discovery contained on the government-issued iPads provided to Defendant," accusing in that regard the FBI Case Agent, the two Assistant United States Attorneys assigned to this case, Clerk's Office employees, the undersigned judge and, by implication, another judicial officer in this district. (*Id.*, PageId.31422.) The court rejected his request "that all discovery materials be placed under seal, that he be given another iPad with all of the previously-provided discovery, that he be given, essentially, all pleadings, motions and any other filings which have been filed in this case (presumably without copy charges), that the court take steps to "authenticate" various documents, and that the Clerk's Office be ordered to take certain actions."  (*Id.*) The court rejected these requests as "outlandish theories [without] a semblance of truth supporting them." (*Id.*)

Following entry of this order, Defendant filed his motion under § 2255, along with another slew of motions amending, supplementing, and correcting his original motion. He also presented the court with a second round of motions quite similar to his first round, which accuse the Government attorneys and Case Agent, the Clerk's Office, the court, and its staff, of various wrongdoings and misrepresentations. Sorting through these filings, weeding out the facially frivolous accusations the better to discern any underlying substantive arguments, is no small task. In attempting to analyze these many motions and resolve Defendant's motion to vacate, the court will first address Defendant's assertions that he never received a copy of the Government's response to his motion to vacate.

Specifically, in a series of motions, Defendant contends that although he is aware the Government has filed a response to his § 2255 motion, he has not received a copy of the response.  (*See* ECF Nos. 2241, 2259, 2280, and 2313.)  The Government states that "to [its] knowledge, all filings in this matter have included the service of copies on the Petitioner, mailed to the prison facilities that he was located at."  (ECF No. 2491, PageID.42014.)  Given Defendant's history of inventing such claims, the court is inclined to believe that the Government indeed served him with the response. Nonetheless, the Government does not specifically certify that it sent a copy of the response to Defendant and, although the Government typically includes a certificate of service with its filings, no certificate appears as included in its § 2255 response.  While the court finds it most likely that the Government inadvertently omitted just the certificate of service, the court is unable to conclude whether Defendant was served with the

3

response itself. Out of an abundance of caution, the court will direct the Clerk of Court to provide a copy of the response, along with this order, to Defendant. Accounting for delays in the prison mail service, the court will give Defendant ample time to file a renewed reply brief as the final brief in support of his § 2255 motion. The court anticipates ruling on the motion expeditiously upon filing of the reply brief, and cautions Defendant that filing another round of superfluous motions will only delay the court's ability to act expediently. Accordingly,

IT IS ORDERED that Defendant's motions (*See* ECF Nos. 2241, 2259, 2280, and 2313) seeking a copy of the Government's response are GRANTED IN PART. They are GRANTED in that the Clerk of the Court is DIRECTED to provide a copy of the Government's response (ECF 2238) to Defendant. They are DENIED to the extent they imply any intentional malfeasance by the Government.

IT IS FURTHER ORDERED that Defendant's final reply brief (which is optional in any event) is due by **June 15, 2020**.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 22, 2020, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\CHD\Criminal\DD\11-20129.WERTH.Response.docx