**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                       Case No. 11-20129

WAYNE RUSSELL WERTH,

      Defendant.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant was convicted by his plea of guilty of conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, and sentenced to 180 months of imprisonment.  Defendant appealed and was represented on appeal by counsel.  In June 2017, Defendant's appeal was dismissed pursuant to his valid waiver of appeal contained within his plea agreement.  Defendant then brought a motion (and countless supplements) under 28 U.S.C. § 2255, all of which were denied on March 31, 2022. Defendant then brought a timely motion for reconsideration, which the court will now deny.

To be afforded relief under the local rule governing motions for reconsideration, Defendant must make a three-part showing that: "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2)(A). But motions for reconsideration "should not be used liberally to get a

second bite at the apple." *United States v. Lamar*, No. 19-CR-20515, 2022 WL 327711,

at *1 (E.D. Mich. Feb. 3, 2022) (Goldsmith, J.). Indeed, motions for reconsideration are

not an opportunity to re-argue a case, present new arguments, or otherwise relitigate

issues that the court previously considered. *See United States v. Moore*, No. 06-20465,

2022 WL 1251009, at *1 (E.D. Mich. Apr. 27, 2022) (Edmunds, J.) (citing *Nagle Indus.,*

*Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997)); *Burn Hookah Bar, Inc.*

*v. City of Southfield*, No. 2:19-CV-11413, 2022 WL 730634, at *1 (E.D. Mich. Mar. 10,

2022) (Murphy, J.).

      Here, Defendant fails to make the required showing.  His motion for

reconsideration tracks the arguments made in countless prior filings, and does not

identify a mistake made by the court the correction of which would alter the outcome of

his § 2255 motion.  Instead, Defendant reiterates past arguments, all of which the court

has considered and rejected, either expressly or by implication. The court will not

entertain requests to revisit prior opinions that are nothing more than disagreements

with the court's decision.  Defendant fails to identify a mistake in the court's analysis,

and thus fails to meet the standard under Local Rule 7.1. Accordingly,

      IT IS ORDERED that Defendant's motion for reconsideration (ECF 2630) is

DENIED.

                         s/Robert H. Cleland
                        ROBERT H. CLELAND
                        UNITED STATES DISTRICT JUDGE

Dated:  October 5, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 5, 2022, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\CHD\Criminal\DD\11-20129.WERTH.2255.Reconsideration.chd.docx

3